FILED

2022 NOV 30 AM 11: 02

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

DAVID TOM,

Plaintiff,

v.

ATLANTIC PARTNERS REALTY BREVARD, LLC, a Domestic Limited Liability Company – D.B.A. KELLER WILLIAMS REALTY BREVARD

AND

PAIGE LANE, Individually

Defendants.

Case No.: 6:22-cv-2217-PGB-LHP

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID TOM (hereafter "Tom"), files this complaint against Defendants, ATLANTIC PARTNERS REALTY BREVARD, LLC, a Domestic Limited Liability Company doing business as "KELLER WILLIAMS REALTY BREVARD" (hereafter "KW") and Paige Lane, individually (hereafter "Lane") and alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for damages, injunctive relief, and declaratory relief against Defendants to address violations of the Telephone Consumer Protection Act (hereafter TCPA), 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c)(5), and its implementing regulations, 47 C.F.R § 64.1200 a federal consumer protection law as well as violations of Florida Statutes §

501.059, the Florida Telephone Solicitation Act (hereafter FTSA) as amended by Senate Bill No. 1120 (effective July 1, 2021) via supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**JURISDICTION AND THE PARTIES**

2. Jurisdiction in this Court is proper as Tom is bringing this action pursuant to 28 U.S.C. § 1331 because the Telephone Consumer Protection Act (TCPA) is a federal consumer protection law, thereby raising a federal question over which this Court possesses original jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and (c)(3) which reads:

> *(3) PRIVATE RIGHT OF ACTION. —A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*

Defendants are subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls and text messages into Florida without the requisite prior express written consent in violation of the TCPA and FTSA. Plaintiff received such calls while residing in and physically present in Florida.

Plaintiff requests supplemental jurisdiction pursuant to U.S.C. § 1367 pertaining to FTSA claims in the State of Florida.

**VENUE**

3. Venue is proper in the U.S. District Court in the Middle District of Florida because all of the unlawful telephonic calls and text messages in dispute were received by the Plaintiff in Brevard County, Florida, which is within the Middle District.

**THE PARTIES**

4. At all times material hereto, Tom is a resident of the State of Florida, is and was a resident of Brevard County, Florida.

**STATEMENT OF FACTS**

5. Tom maintains a telephone number registered on the Federal do not call list database since June 28, 2003 **(Attached as Plaintiff's Exhibit "A")**. The State of Florida does not maintain a publicly accessible system for verification of date of registration of phone numbers on the Florida Do Not Call List that emails a verification of registration. Instead, a true and correct copy of a verified registration query from the Florida Department of Agriculture and Consumer Services registry effective January 2014 is attached hereto and incorporated herein by reference as 2003 **(Attached as Plaintiff's Exhibit "B")**. Tom is and at all times relevant hereto, was an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of the telephone number that received Defendant's telephonic sales calls.

6. Tom has received multiple unsolicited phone calls from varying parties in the real estate industry soliciting listings, offers to purchase Tom's real estate holdings, offers to

refinance, etc. owing to the booming residential real estate market over the past several years, all to the annoyance of Tom.

7. In 1992, New Line Cinema produced a film titled "Glengarry Glen Ross" whereupon an entire office full of real estate salespeople resorted to lies, high pressure sales techniques, and illegal means to get folks to sign on the dotted line to buy real estate.

8. It appears that the only thing that has changed since 1992 is that the lies and high-pressure sales techniques and illegal means are now being used to acquire listings and to get folks to sign on the dotted line to sell real estate.

9. Defendant KW is, and at all times relevant hereto was, a domestic limited liability company and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant KW maintains its primary place of business and headquarters at 6905 N. WICKHAM ROAD, SUITE 110 MELBOURNE, FL 32940. Defendant Lane is and at all times relevant hereto, an employee/sales agent/party in privity of Defendant KW and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant Lane maintains a primary place of business and headquarters and FL license number SL3337624 at the same address. Both Defendants direct, market, and provide real estate services throughout Brevard County and the State of Florida.

10. Tom received an automated prerecorded message on his cellular telephone from a party only identified as "Brittany" asking about interest in selling some real estate owned by Tom in early August.

11. This call did not identify a true first and last name, the company associated with the call, and the call displayed a spoofed and non-working number when Tom made a call back

to investigate the calling party. The failure to identify a true first and last name and use of a spoofed, non-working number is unlawful under FTSA as amended July 1, 2021.

12. Tom was prompted via the automated system that had called to press one to continue the discussion and did so, in an effort to investigate the background of the calling party. Tom was then prompted to leave a message with his callback information and property information and did so in order to further investigate the originator of the call. No further relevant information disclosing the identity of the calling party was presented to Tom.

13. Shortly thereafter, Tom received a text message from KW that failed to identify a complete true full first and last name but identified "The Lane Team at Keller Williams Realty" as the transmitter, inquiring about selling Tom's home and providing an offer of a free comparative market analysis **(Attached as Plaintiff's Exhibit "C").**

14. This text message was unlawful as KW and Lane did not have prior express written consent to send a text message to Tom, or a prior business relationship. In order to further investigate the situation, Tom requested an email with their information be sent to him, which KW and Paige Lane of "The Lane Home Team" working in the KW office provided. An analysis of the local real estate market followed via email. **(Attached as Plaintiff's Exhibit "D").**

15. Tom was called by Paige Lane of KW/The Lane Home Team on 18 August 2022 at 426PM on his cellular telephone to follow up to the message that was sent. Tom stated that he got the email that was sent and asked to not be called again. **(A true and correct AT&T call log is attached as Plaintiff's Exhibit "E").**

16. On 21 August 2022, Tom sent a letter to KW via USPS Certified Mail, 7021 2720 0001 8927 7111 requesting that KW investigate the source of their lead and to provide their Do Not Call Policy, as required under 47 C.F.R. § 64.1200(d) **(Attached as Plaintiff's Exhibit "F")**.

17. Tom did not receive any response to this letter, which was delivered 24 August 2022 at 1041AM from KW or Lane.

18. Tom received another call from Lane after the written request to discontinue calling was received by KW on 30 August 2022 at 413PM **(A true and correct AT&T call log is attached as Plaintiff's Exhibit "G")**.

19. Tom explained that the lead generation/marketing strategies that KW and The Lane Team are using are in violation of TCPA and FTSA and that a letter was sent to KW requesting the KW Do Not Call Policy and to discontinue calling. Lane denied any such liability and told Tom that KW did no such marketing. Tom forwarded Lane a copy of the investigation letter and Do Not Call policy request that was sent to KW via email.

20. Shortly thereafter, KW sent a letter to Tom asking for more information about the agent that contacted Tom and stated that the agents are independent contractors. KW again failed to provide their Do Not Call Policy, as required as required under 47 C.F.R. § 64.1200(d). **(Attached as Plaintiff's Exhibit "H")**.

21. Tom contacted the KW Administrator by email and asked for the Do Not Call Policy to be provided, which it was on 9 September 2022. After reviewing the KW Policy, the phone calls and text messages that originated, the text messages and calls to Tom do not fall within the guidelines of KW's own policy. **(Attached as Plaintiff's Exhibit "I")**.

22. These failures to comply are due to a number of things, for instance – the policy expressly prohibits "robocalls". Tom received a call from an automated system playing a prerecorded message asking about listing property Tom owns. This is in violation of both TCPA and FTSA.

23. The KW DNC policy states:

> "If KW receives communication after point of contact by someone wanting to put their number on our DNC list, this will be manually entered in the master DNC List which updates instantaneously, after which no contact will be made. In addition, KW's DNC regulatory compliance is verified by an independent third party on a regular basis."

24. Tom's letter to KW on 21 August 2022 identified two telephone numbers, Tom's cellular and home phone for KW to add to their Do Not Call list. No such acknowledgement was made. Hence, KW is failing to abide by their own policy when presented with a letter in writing. Defendants have the ability to cease the unlawful telephone calls and text messages to Plaintiff and has failed to do so.

25. Lane is personally liable under the "participation theory" of liability because he had direct, personal participation in the conduct that violated TCPA and FTSA and knowingly authorized such conduct. See, e.g., *Physicians Healthsource, Inc. v Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015).

**COUNT I - TCPA VIOLATIONS**

26. Plaintiff re-alleges and re-adopts paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The foregoing actions of Defendants constitute illegal action against Plaintiff in violation of TCPA. Tom as of July 28, 2003, is protected under the laws of the TCPA.

28 Plaintiff was injured due to both Defendants violation of TCPA.

29. Plaintiff is entitled to legal and injunctive relief as a result of both Defendants actions.

**WHEREFORE,** Plaintiff requests:

(A) An injunction restraining continued violation of TCPA;

(B) Compensatory damages allowable at law from each Defendant, in the amount of $500 against both KW and Lane for each call and text message sent to Tom;

(C) A finding that all telemarketing calls and text messages were both knowing and willful violations and treble damages are warranted under TCPA, in the amount of $1500 each call and text against both KW and Lane;

(D) A finding that two instances of failure to provide Do Not Call Policy upon demand constitute knowing and willful violations under TCPA, in the amount of $1500 each for each failure to provide a Do Not Call Policy upon demand against both KW and Lane;

(E) Prejudgment interest on all monetary recovery obtained;

(F) All filing costs and attorney fees incurred in prosecuting these claims; and

(G) For such further relief as the Court deems just and equitable.

**COUNT II - FTSA VIOLATIONS**

30. Plaintiff re-alleges and re-adopts paragraphs 1 through 25 of this Complaint as if fully set forth herein.

31. The foregoing actions of Defendants constitute illegal action against Plaintiff

in violation of FTSA. Tom as of July 1, 2021, is protected under the laws of the FTSA.

32. Plaintiff was injured due to Defendant's violation of FTSA.

33. Plaintiff is entitled to legal and injunctive relief as a result of Defendants actions.

**WHEREFORE,** Plaintiff requests:

(A) An injunction restraining continued violation of FTSA;

(B) Compensatory damages allowable at law from both Defendants, in the amount of $500 against both KW and Lane for each call and text message;

(C) A finding that all calls and text messages were both knowing and willful and warrant treble damages under FTSA, in the amount of $1500 each call and text message against both KW and Lane;

(D) A finding that a failure to identify a true first and last name on calls and text messages were both knowing and willful and warrant treble damages under FTSA in the amount of $1500 each call and text message against both KW and Lane;

(E) Prejudgment interest on all monetary recovery obtained;

(F) All filing costs and attorney fees incurred in prosecuting these claims; and

(G) For such further relief as the Court deems just and equitable.

**SUMMARY OF DAMAGES SOUGHT FROM DEFENDANTS**

30. TCPA - Unknown Robocall, $1500 from each.

TCPA - Single text message on 8/18/2022, $1500 from each.

TCPA - Failure to provide DNC policy upon demand, 24 August, $1500 from each.

TCPA - Failure to provide DNC policy upon demand, 30 August, $1500 from each.

TCPA - Two live telephone calls, $1500 from each.

FTSA - Unknown Robocall, $1500, from each.

FTSA - Unknown Robocall, with no true first and last name, $1500, from each.

FTSA - Unknown Robocall, with no true company name, $1500, from each.

FTSA - Unknown Robocall, with use of a spoofed number, $1500, from each.

FTSA - Text message on 8/18/2022, $1500 from each.

FTSA - Text message on 8/18/2022, failing to provide true names, $1500 from each.

FTSA - Two live telemarketing calls, $1500 from each.

Total:

$21,000 Defendant KW.

$21,000 Defendant Lane.

Total Statutory Damages Sought: $42,000

**REQUEST FOR A JURY TRIAL**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: November 30, 2022, Respectfully Submitted,

David Tom
Plaintiff, Pro Se
1058 Herne Ave
Palm Bay, FL 32907
321-917-0760
321-725-9212
david.m.tom@gmail.com