**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID TOM,

        Plaintiff,

v.                                        Case No:   6:22-cv-2217-PGB-LHP

ATLANTIC PARTNERS REALTY
BREVARD, LLC and PAIGE LANE,

        Defendants

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   DEFENDANT'S MOTION TO DISMISS**
> **PLAINTIFF'S COMPLAINT (Doc. No. 16)**
>
> **FILED:      January 9, 2023**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   INTRODUCTION

    On November 30, 2022, Plaintiff David Tom, proceeding *pro se*, filed a

Complaint against Defendants Atlantic Partners Realty Brevard, LLC, d/b/a Keller

Williams Reality Brevard ("Keller Williams"), and Paige Lane ("Lane").   Doc. No. 1.   While Plaintiff alleges in a prefatory paragraph violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b) and 227(c)(5) ("TCPA"), 47 C.F.R. § 64.1200, and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"), the complaint contains only two claims, which are entitled "TCPA Violations" (Count I), and "FTSA Violations" (Count II).   *Id.*, at 1-2, 7-9.

Plaintiff alleges that he maintains a telephone number ending in 0760 that has been registered on the National Do Not Call Registry since June 28, 2003.   Doc. No. 1, ¶ 5; *see also* Doc. No. 1-1. [1]   Plaintiff further alleges that he registered this telephone number with the Florida Do Not Call Program effective January 2014. Doc. No. 1, ¶ 5; *see also* Doc. No. 1-2.   Plaintiff alleges that he has received "multiple unsolicited phone calls from varying parties in the real estate industry soliciting listings, offers to purchase [Plaintiff's] real estate holdings, offers to refinance, etc." all to his "annoyance."   Doc. No. 1, ¶ 6.   Plaintiff provides no further details concerning these alleged "multiple unsolicited phone calls."   *Id.*

---

[1] Plaintiff attaches 9 exhibits to his Complaint, which the undersigned has considered in analyzing the present dispute.   *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

With respect to the Defendants, Plaintiff alleges that Keller Williams is a "telephone solicitor" and that at all relevant times Lane was an employee/sales agent/party in privity with Keller Williams and also a "telephone solicitor."   Doc. No. 1, ¶ 9.   Plaintiff alleges that both Defendants direct, market, and provide real estate services throughout Brevard County and the state of Florida.   *Id.*

On some unspecified date in early August (year unknown), Plaintiff received an automated prerecorded message on his cellular telephone from a party only identified as "Brittany" asking about interest in selling real estate owned by Plaintiff.   Doc. No. 1, ¶ 10.   Plaintiff alleges that the call did not identify a true first and last name, or the company associated with the call, and the call displayed a spoofed and non-working number.   *Id.*, ¶ 11.   During the automated call, Plaintiff used the automated system and was prompted to leave a message with his callback information and property information, which he did.   *Id.*, ¶ 12.

Shortly thereafter, Plaintiff received a text message from "Shaira with the Lane Team at Keller Williams Realty," inquiring about selling Plaintiff's home and offering a free comparative market analysis.   *Id.*, ¶ 13; *see also* Doc. No. 1-3, at 1. Plaintiff contends that this text message was "unlawful" as he had not provided prior express written consent to receive such messages, nor did he possess any prior business relationship with either "the Lane Team" or "Keller Williams."   Doc. No. 1, ¶ 14.   To further investigate, Plaintiff responded by text with a request that he

receive the information via email.   *Id.*; *see also* Doc. No. 1-3, at 2.   On August 18, 2022, Plaintiff received an email from Lane at "the Lane Team Keller Williams Realty," which contained a market report for sales and home prices near Plaintiff's home.   Doc. No. 1, ¶ 14; *see also* Doc. No. 1-4.   That same day, Lane also called Plaintiff on his cellular telephone number to follow up on the email market report. Doc. No. 1, ¶ 15; *see also* Doc. No. 1-5.   At that point, Plaintiff requested not to be called again.   Doc. No. 1, ¶ 15.[2]

On August 21, 2022, Plaintiff sent a letter to Keller Williams via certified mail requesting that Keller Williams investigate the source of its lead and provide a copy of its Do Not Call Policy.   *Id.*, ¶ 16.[3]   The letter, a copy of which is not attached to the Complaint, allegedly also requested that Keller Williams cease calling Plaintiff, and identified two phone numbers for Plaintiff – a home number and cellular number.   *Id.*, ¶¶ 18-19, 24.   While it appears that the cellular telephone number was registered on the National and Florida Do Not Call Lists, there is nothing in the Complaint identifying whether Plaintiff's home number was ever registered. Keller Williams did not respond to the letter.   *Id.*, ¶ 17.   Instead, on August 30,

---

[2] According to the telephone logs attached to the complaint, it appears that Plaintiff's cellular telephone number is the same 0760 number registered on the National and Florida Do Not Call lists.   *See* Doc. Nos. 1-5, 1-7.

[3] Plaintiff has attached to the Complaint a photocopy of the certified mail receipt, but has not attached a copy of the letter, nor has he attached the return receipt identifying the date and time of delivery.   Doc. No. 1-6.

2022, Lane called Plaintiff's cellular telephone number again, and Plaintiff explained that Keller Williams and Lane were in violation of the TCPA and FTSA, and that Plaintiff had previously requested in writing that Keller Williams stop calling and provide a copy of their Do Not Call policy.  *Id.*, ¶¶ 18-19; *see also* Doc. No. 1-7.  Plaintiff also forwarded to Lane a copy of the letter.  Doc. No. 1 ¶ 19. Keller Williams thereafter wrote to Plaintiff asking for additional information concerning the agent who contacted Plaintiff, and stated that its agents are independent contractors.  *Id.*, ¶ 20; *see also* Doc. No. 1-8.  However, Keller Williams did not provide Plaintiff with a copy of its Do Not Call Policy until September 9, 2022, and only after Plaintiff made yet another request for the document.  Doc. No. 1 ¶¶ 20-21.  Keller Williams' Do Not Call Policy provides, in part, that if someone wants to put their number on the Do Not Call list, it will be manually entered on the master list, which updates instantaneously, and no further contact will be made.  *Id.*, ¶ 23; *see also* Doc. No. 1-9.

Based on these factual allegations, which are incorporated in full into each count, Plaintiff alleges that Defendants violated the TCPA and the FTSA, and that Plaintiff "was injured."   Doc. No. 1, ¶¶ 26-28, 30-32.   Plaintiff provides no further specificity as to the nature of the alleged violations or alleged injuries.   As relief, he seeks an injunction, statutory damages, treble damages, prejudgment interest, and attorneys' fees and costs.  *Id.*, ¶¶ 29, 33.

Defendants have filed a joint motion to dismiss Plaintiff's Complaint in its entirety.   Doc. No. 16.   Defendants contend that Plaintiff lacks Article III standing to bring his claims, and that Plaintiff's Complaint is an impermissible shotgun pleading and fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).   *Id.*   Plaintiff opposes the motion, arguing that he has satisfied federal pleading standards such that his Complaint is not a shotgun pleading, and that he has sufficiently alleged standing.   Doc. No. 17.   Plaintiff also appears to provide additional facts to support his claims.   *Id.*, at 3-6.   Defendants' motion to dismiss has been referred to the undersigned, and it is ripe for disposition.

## II.    LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."   Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d

1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d

1488, 1491 (11th Cir. 1991)).    Yet, "liberal construction is not the same thing as wholesale redrafting." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013).    *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

## III.    ANALYSIS

Upon consideration of the parties' respective arguments (Doc. Nos. 16-17), as well as the allegations of Plaintiff's Complaint (Doc. No. 1), the undersigned agrees with Defendants that Plaintiff's Complaint constitutes a shotgun pleading, rendering repleader appropriate.

Specifically, the Complaint constitutes the first type of shotgun pleading because both counts incorporate all of the factual and jurisdictional allegations from the Complaint, without specifying which allegations relate to which claim.    *See* Doc. No. 1, ¶¶ 26, 30.    The Complaint is also the second type of shotgun pleading as it contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.    *See, e.g., id.*, ¶¶ 6-8.    The Complaint also represents the third type of shotgun pleading because it fails to separate "into a different count each cause of action or claim for relief."    More specifically, Counts I and II merely allege that Defendants violated the TCPA and the FTSA as a whole.    *Id.* ¶¶ 27, 31. Both of these statutory schemes contain numerous provisions, the violation of

which would each provide for a private cause of action.  *See, e.g.*, 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(3), (c)(5); 47 C.F.R. § 64.1200(a)(1)(iii), (c)(2), (d)(1), (d)(4); 47 C.F.R. § 64.1601(e)(1); Fla. Stat. § 501.059(2), (3), (4), (5), (8), (10).   However, Plaintiff nowhere specifies which aspects of the TCPA or the FTSA were allegedly violated, nor does Plaintiff explain whether he is claiming violations of these Acts based on unsolicited phone calls, unsolicited text messages, or both.   Last, Plaintiff's Complaint constitutes the fourth type of shotgun pleading in that it fails to separate the TCPA and FTSA claims amongst/between the Defendants, which is particularly troubling given the allegations of Lane's potential independent contractor status.

Because Plaintiff's Complaint constitutes a shotgun pleading, dismissal of the Complaint, with an opportunity to replead, is appropriate.  *See, e.g.*, *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (affirming dismissal with prejudice as a shotgun pleading a complaint alleging violations of the TCPA where plaintiff incorporated all factual allegations into all counts, the counts did not explain which acts or omissions were committed by which defendant that would constitute a violation of the TCPA, and dismissal with prejudice was not abuse of discretion after providing plaintiff multiple warnings and opportunity for repleader);[4] *Ally v.*

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."  *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

*Hous. Auth. of City of Orlando, Fla.*, No. 6:20-cv-1518-WWB-LRH, 2021 WL 2446760, at *4 (M.D. Fla. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 2446712 (M.D. Fla. May 4, 2021) (granting in part motion to dismiss and striking *pro se* complaint as second type of shotgun pleading with leave to replead); *Pyatt v. Gimenez*, No. 1:20-CV-20827, 2020 WL 4003495, at *5 (S.D. Fla. July 15, 2020) (dismissing complaint with leave to replead where it "suffer[ed] from the second and fourth 'sins' of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions and of alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"); *SCCY Indus., LLC v. Jannuzzo*, No. 6:17-cv-1495-Orl-31KRS, 2018 WL 8344812, at *1 (M.D. Fla. Jan. 24, 2018) (dismissing complaint as first type of shotgun pleading with leave to replead); *Burgeson v. Collier Cty.*, No. 2:09-cv-220-FtM-36DNF, 2010 WL 11506949, at *3 (M.D. Fla. July 21, 2010) (dismissing counts of complaint as both first and third types of shotgun pleading with leave to replead).

As discussed above, Defendants also argue that Plaintiff cannot establish Article III standing for his claims, and that Plaintiff has failed to properly state a claim for relief under Rule 12(b)(6).   Doc. No. 16.   However, given the recommendation to allow repleader because the current version of the Complaint constitutes a shotgun pleading, I will further recommend that the Court decline to

address Defendants' remaining arguments under Federal Rule of Civil Procedure 12(b)(6) and as to standing at this time.  *See Isaacs v. Steven Allen Isaacs*, No. 6:21-cv-1912-PGB-LHP, 2022 WL 18492546, at *4 (M.D. Fla. Oct. 27, 2022), *report and recommendation adopted*, 2022 WL 18492544 (M.D. Fla. Nov. 15, 2022) (declining to address subject matter jurisdiction arguments given the shotgun nature of the complaint, permitting repleader, and directing plaintiff to assert sufficient jurisdictional allegations in the amended complaint); *Ally*, 2021 WL 2446760, at *4 & n.5 (finding Rule 12(b)(6) arguments premature and declining to address them when the shotgun complaint was due to be repleaded (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001))); *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2019 WL 2868943, at *3 (M.D. Fla. July 3, 2019) ("Because the [Amended] Complaint is   a shotgun complaint, repleader is   necessary   and   the Court need not delve into the merits of the claims at this juncture." (quoting *Madak v. Nocco*, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018))); *Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC*, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

Given that the undersigned is unable to ascertain which provisions of the TCPA and FTSA Plaintiff alleges Defendants have violated, it is impossible for the

undersigned to assess at this juncture whether any such claims have been properly pleaded.  *See Kremer v. Lysich*, No. 3:19-cv-887-BJD-JBT, 2021 WL 1845362, at *2 (M.D. Fla. Apr. 22, 2021), *report and recommendation adopted*, 2021 WL 6125448 (M.D. Fla. June 1, 2021) ("[A] shotgun pleading does not comport with the pleading requirements of Rule 8 or *Twombly* and *Iqbal* because it is not a short and plain statement of the claim, and it does not allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and quotation marks omitted)).  And the undersigned finds repleader particularly appropriate where, as here, Plaintiff appears to be asserting additional facts in his response that may both provide the requisite level of particularity to satisfy federal pleading standards, and establish Article III standing (although the undersigned makes no such findings herein, as a party cannot correct deficiencies in a pleading via an opposition to a motion to dismiss).

Should Plaintiff file an amended complaint, he is cautioned that he must include factual allegations stating a plausible claim for relief, which requires him to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Therefore, in an amended complaint, Plaintiff must allege clearly the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.  Plaintiff must name as defendants only those persons who are

responsible for the alleged violations.   He must allege in the body of the amended complaint, under a section entitled "Statement of Facts," how each named defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each defendant named and the injury he allegedly sustained.   *See* Fed. R. Civ. P. 8; 10.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation.   Plaintiff must also separately allege each cause of action in separate counts.   And Plaintiff must specifically allege the harm or injury caused by the actions and/or omissions of the defendant(s) and the relief sought, a general reference to "injury" will not suffice. Finally, Plaintiff must allege sufficient facts to establish that he has Article III standing under both the TCPA and the FTSA.   *See, e.g.*, *Topalli v. Petsmart, LLC*, No. 6:22-cv-1670-WWB-EJK, 2023 WL 2928301, at *1-2 (M.D. Fla. Apr. 13, 2023) (finding no Article III standing for an FTSA claim where plaintiff only alleged receipt of a single unwanted text message, only alleged harm based on the purported violations of the FTSA, and only sought statutory damages); *Lawson v. Visionworks of Am., Inc.*, No. 6:22-cv-1375-RBD-EJK, 2023 WL 2653418, at *1 (M.D. Fla. Mar. 6, 2023), *report and recommendation adopted*, 2023 WL 2648176 (M.D. Fla. Mar. 27, 2023) (dismissing without prejudice for lack of Article III standing claims under the TCPA where

plaintiff alleged receipt of only three (3) unwanted telemarketing text messages to his cellular phone number that he had previously registered on the National Do Not Call Registry).

Because Plaintiff is currently proceeding without a lawyer, I direct his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.   RECOMMENDATION

For the reasons stated herein, **I RESPECTFULLY RECOMMEND** that the Court:

1.   **GRANT in part and DENY without prejudice in part** Defendants' Motion to Dismiss (Doc. No. 16).

2.   **DISMISS** the Complaint (Doc. No. 1) without prejudice as a shotgun pleading.

3.   **PERMIT** Plaintiff to file an amended complaint, with a time established by the Court.

4.   **DENY without prejudice** Defendants' Motion to Dismiss (Doc. No. 16) as it relates to their claims of Article III standing and Rule 12(b)(6).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 5, 2023.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy